**John NASH, et al., Plaintiffs–Appellees,**

v.

**Delbert CHANDLER, et al., Defendants,**

**The City of Tyler, Texas, and Willie Hardy, Chief of Police, Etc., and The State of Texas, Defendants–Appellants.**

Nos. 86–2327, 87–2485.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1988.

W. Carl Jordan, Thomas H. Wilson, Houston, Tex., for amicus curiae Assn. General Contractors of Am.–Texas Chapter.

Daves, McCabe & Crews, Larry R. Daves, Tyler, Tex., Edward B. Cloutman, III, Dallas, Tex., for Nash.

George E. Barrett, Nashville, Tenn., for United Rubber Cork.

Charles H. Clark, Andy Tindel, Tyler, Tex., for City of Tyler and Hardy.

Mary F. Keller, Exec. Asst. Atty. Gen., Javier P. Guajardo, Asst. Atty. Gen., Austin, Tex., for State of Texas.

**ON PETITION FOR REHEARING**

Before BROWN, RUBIN, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

On the original appeal the State of Texas, an intervenor pursuant to notice from the District Court under 28 U.S.C. § 2403(b), attacked the District Court's award (i) of any fees whatsoever, and (ii) the holding of joint and several liability with the City and Hardy for such fees. We rejected (i) but upholding (ii) ordered remand for allocation. Texas did not file any petition for rehearing.

Under the circumstances, the decision to remand for appropriate allocation remains consistent with the Supreme Court's pronouncement that "fee liability runs with merits liability," *Kentucky v. Graham,* 473 U.S. 159 at 168, 105 S.Ct. 3099, at 3106, 87 L.Ed.2d 114 (1985) and *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) and the general proposition that a state is not liable when present only to defend the statute by virtue of § 2403 in a case in which the state was not an actor in the transaction of the underlying suit. Unlike *Tennessee,* which had no liability for

the tortious damages resulting from conduct of state representatives sued in their individual capacity, here Texas, through its Attorney General, became and was a party and lost on the constitutionality of Texas Revised Civil Statute Article 5154d § 1.[1]

The City of Tyler and Hardy complain of our holding that they do not challenge the determination that the plaintiffs were prevailing parties. We retract such specific holding but find no basis for revoking or modifying the District Court's award of attorney's fees and costs. These appellants cannot latch onto the fee-liability-is-directly-hooked-to merits-liability as an escape. By the preliminary injunction the District Court on an ample record made all of the findings required by *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) to impose liability on the city for these constitutionally tortious wrongs. Fees are allowable even though the injunction is dismissed as moot. *See Doe v. Marshall,* 622 F.2d 118 (5th Cir.1980), *cert. denied* 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981).

REHEARING DENIED.

---

1. *Gault v. Texas Citrus and Vegetable Assn.,* 848 F.2d 544 (5th Cir.1988) identifies all subsec-

tions involved.