SILER, Circuit Judge.
 

 Petitioner, Thomas Sysco Food Services (“Employer”), appeals the Secretary of Labor’s decision finding it violated § 405(b) of the Surface Transportation Assistance Act (49 U.S.C. App. § 2305(b)) (“Act”) when it issued a verbal warning to an employee who refused to report to work as a truck driver on the advice of a physician because of his use of the drug Valium. As the verbal warning had been removed from the employee’s record prior to the hearing on the issue, we find that the case was moot at the time it came before the Secretary and REMAND with instructions to vacate the Secretary’s final order and to dismiss the complaint.
 

 I.
 

 On December 11, 1989, Michael Curless, a Thomas Sysco Food Services employee, became ill while unloading his truck. He was taken to a hospital, given Valium, and instructed not to operate machinery for twenty-four hours. Thus, he notified Employer that he would not report to work the next day.
 

 Employer had a “no-fault” attendance policy in which each employee had a number of vacation days, four personal days, and three free days. The free days covered absences from work due to illness. After an employee had used the allotted days, any following absence within a one-year period constituted an “incident” for which the employee received a verbal warning. Subsequent absences resulted in progressive discipline including: verbal warning, written warning, suspension, and discharge. The policy operated on a rolling one-year basis so that any incident dropped off an employee’s record after a twelvemonth period. As Curless had already used his allotted days for the previous twelve months, Employer issued a verbal warning for his December 12, 1989, absence.
 

 The Act provides that “no person shall discharge, discipline, or in any manner discriminate against an employee ... for refusing to operate a vehicle when such operation constitutes a violation” of Federal Motor Vehicle Safety Regulations.
 
 [1]
 
 The
 
 *62
 
 parties agreed that it would be a violation of Federal Motor Vehicle Safety Regulations for a person to drive a vehicle after his doctor had advised him that it would be unsafe for him to do so within twenty-four hours of using Valium.
 

 The Occupational Safety and Health Administration (OSHA) found the employer in violation of the Act, as Curless’ refusal to operate his truck was protected activity under § 405 of the Act. The Administrative Law Judge (“ALJ”) ruled in Employer’s favor, finding Employer’s policy was not discriminatory, and there was no evidence of discrimination. He also held that the matter was moot, as the verbal warning had been removed from Curless’ record and would not be considered in any future disciplinary actions for unexcused absences.
 

 The Secretary found that the controversy was one that was “capable of repetition, yet evading review.” Thus, she rejected the ALJ’s decision, and found that Employer violated the Act when it took disciplinary action for a protected activity.
 

 II.
 

 Article III of the United States Constitution limits federal courts to the adjudication of actual, ongoing cases and controversies.
 
 Deakins v. Monaghan,
 
 484 U.S. 193, 199, 108 S.Ct. 523, 527-28, 98 L.Ed.2d 529 (1988). “To satisfy the case or controversy requirement, an actual controversy must exist at all stages of review, and not simply on the date the action is initiated.”
 
 Rettig v. Kent City School Dist.,
 
 788 F.2d 328, 330 (6th Cir.),
 
 cert. denied,
 
 478 U.S. 1005, 106 S.Ct. 3297, 92 L.Ed.2d 711 (1986). A case will become moot when the requested relief is granted or no live controversy remains.
 
 Deakins,
 
 484 U.S. at 199, 108 S.Ct. at 527-28. The “capable of repetition, yet evading review” exception to mootness applies in those exceptional cases where a plaintiff makes a reasonable showing that he or she will again be subjected to the sanction.
 
 ConnAire, Inc. v. Secretary, United States Deft of Transp.,
 
 887 F.2d 723, 725-26 (6th Cir.1989). However, this doctrine is limited to a situation where: (1) the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 Weinstein v. Bradford,
 
 423 U.S. 147, 149, 96 S.Ct. 347, 348-49, 46 L.Ed.2d 350 (1975);
 
 Ahmed v. University of Toledo,
 
 822 F.2d 26, 28 (6th Cir.1987).
 

 Curless’ personnel file was documented with the verbal warning on December 12, 1989. In her September, 1991, Order, the Secretary noted that the verbal warning had been removed from Curless’ file on December 12, 1990, and thus, could not be used as the basis for subsequent disciplinary action. However, the Secretary held that the issue fell within the “capable of repetition, yet evading review” exception, as: (1) the challenged verbal warning expired far short of full litigation; and (2) there was a reasonable expectation that the action may recur. The Secretary’s findings are not supported by substantial evidence. While the action may be capable of repetition, the likelihood of repetition is remote, inasmuch as only a few employees of Employer are drivers subject to the Federal Motor Vehicle Safety Regulations. Moreover, as all the employees have a number of free days which they could take before receiving such a reprimand, the potential for recurrence is further limited. Thus, as the challenged incident had been removed from Curless’ personnel file at the time of the hearing, the Secretary’s order to expunge from Curless’ file any adverse reference to his unexcused absence was unnecessary. Accordingly, we uphold the finding by the AU that the issue raised is moot; therefore, the case is REMANDED with instructions to vacate the Secretary’s final order and to dismiss the complaint.
 

 [1]
 

 . Section 405(b) provides:
 

 No person shall discharge, discipline, or in any manner discriminate against an employee with respect to the employee’s compensation, terms, conditions, or privileges of employment for refusing to operate a vehicle when such operation constitutes a violation of any Federal rules, regulations, standards, or orders applicable to commercial motor vehicle safety or health, or because of the employee's reasonable apprehension of serious injury to himself or the public due to the unsafe condition of such equipment.