**Dion R. McPHERSON,**
**Plaintiff–Appellee,**

v.

**MICHIGAN HIGH SCHOOL ATHLETIC ASSOCIATION, INC., a non-profit Michigan corporation, Defendant–Appellant,**

**Board of Education of the Public Schools of the City of Ann Arbor, Defendant.**

**No. 95–1079.**

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Oct. 13, 1995.

Decided March 4, 1996.

Lore A. Rogers (briefed), John W. Friedl (briefed), Ann Arbor, MI, for plaintiff-appellee.

Edmund J. Sikorski, Jr. (argued and briefed), Ann Arbor, MI, for defendant-appellant.

J. Kingsley Cotton, III (briefed), Drolet, Freeman, Preston & Cotton, Bloomfield Hills, MI, for amicus curiae Basketball Coaches Ass'n of Michigan.

Stewart R. Hakola (briefed), Michigan Protection & Advocacy Service, Marquette, MI, for amicus curiae Michigan Protection and Advocacy Service, Inc.

Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.

OAKES, Circuit Judge.

The Michigan High School Athletic Association ("MHSAA") appeals the entry of a preliminary injunction by the Honorable Denise Page Hood of the Eastern District of Michigan which forbids it from enforcing its eight semester eligibility rule against Dion R. McPherson. McPherson challenged the MHSAA rule as violating Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* (1988), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1994), the Michigan Handicappers' Civil Rights Act, MCLA 37.1101 *et seq.* (West 1995), and 42 U.S.C. § 1983 (1994). The district court found for McPherson on the basis of the ADA and the Rehabilitation Act. We vacate the preliminary injunction because the case is now moot.

## BACKGROUND

McPherson's high school, Ann Arbor Huron High School, like most public and private high schools in Michigan, is a member of the MHSAA. The MHSAA sponsors interscholastic athletic competitions and promulgates rules governing interscholastic competition that its member schools must adopt and enforce. In order to participate in MHSAA-sponsored events, a member school must en-

sure that it meets the MHSAA's eligibility requirements.

Regulation I, Section 4 of the Rules of Eligibility for Senior High School Students states that "[a] student shall not compete in any branch of athletics who has been enrolled in grades nine to twelve, inclusive, for more than eight semesters." The MHSAA constitution, adopted by a vote of member schools, permits waiver of this rule if the MHSAA Executive Committee finds that the rule fails to serve its purpose or works an undue hardship when applied to a particular student.

McPherson's academic performance in high school suffered due to an undiagnosed Attention Deficit Hyperactivity Disorder ("ADHD") and a seizure disorder. His grades improved when he repeated the eleventh grade (his fourth year of high school) and enrolled in a special academic program. The ADHD and seizure disorders were diagnosed prior to the beginning of his senior year. During his senior year, McPherson followed an Individualized Education Program designed to accommodate his disabilities and his grades improved further.

McPherson wanted to compete on Huron High School's basketball team during his senior year.[1] Because he had already attended eight semesters of high school, however, the MHSAA refused to let him participate on the team. McPherson, with the support of the school, sought to have the semester rule waived but the Executive Committee of the MHSAA ruled against his request.

McPherson then brought a lawsuit against the MHSAA and the school district challenging the eight-semester rule. After a hearing, the district court entered a preliminary injunction in favor of McPherson, finding that he was likely to succeed on the merits of both the ADA and the Rehabilitation Act claims. The district court granted a preliminary injunction restraining the MHSAA and the school district "from taking any action to

---

* The Honorable James L. Oakes, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

1. For the first three years of high school, McPherson did not meet the academic standards

necessary for him to play basketball. During his repeated 11th grade year, and again in his 12th grade year, he attained grades high enough to allow him to compete.

prevent Plaintiff from participating in interscholastic athletic competition for the Plaintiff's remaining senior year in high school during the pendency of this suit" and preventing the MHSAA from penalizing the school district for McPherson's participation in such competition. This court then refused to grant the MHSAA's request for a stay pending appeal. McPherson competed on the basketball team, which completed the season with a 3–18 record, 0–6 in its league.

## DISCUSSION

■ Before reaching the merits of any appeal, we first must ask whether the appeal satisfies the mandate of Article III that limits our jurisdiction to those appeals involving a case or controversy. U.S. Const. art. III, § 2. We may review only those appeals where a live and palpable dispute exists between the parties that can be remedied by exercise of our jurisdiction. *Brock v. International Union, UAW,* 889 F.2d 685, 689–90 (6th Cir.1989). If no present controversy exists, the case is rendered moot unless a party can show that he or she is likely to be involved in the same controversy at a later date if we refuse to resolve the matter now— the "capable of repetition, yet evading review" exception to the mootness doctrine. *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973); *Thomas Sysco Food Services v. Martin,* 983 F.2d 60, 62 (6th Cir.1993); *Brock,* 889 F.2d at 691–92.

■ Here, McPherson has graduated from high school and will play no more high school basketball games. As a result, he no longer has an interest in the challenged eight-semester rule. *See Washegesic v. Bloomingdale Public Schools,* 33 F.3d 679, 681–83 (6th Cir.1994) (Merritt, *C.J.*) (noting that a plaintiff's interest in a law suit ceases when the challenged rule can no longer harm the plaintiff), *cert. denied,* —— U.S. ——, 115 S.Ct. 1822, 131 L.Ed.2d 744 (1995). Therefore, there is no present controversy regarding the portion of the preliminary injunction restraining the MHSAA from preventing McPherson from participating in athletic competitions. Moreover, McPherson's action is not "capable of repetition, yet evading review" because this exception to the moot-

ness doctrine requires that the *same party* be subject to the same litigation in the future.

The second part of the district court's injunction, however, requires a closer look. The district court ordered that "Defendant MHSAA not take any action which would cause the school district to be penalized for Plaintiff's participation in interscholastic athletic competition during the pendency of this matter." The MHSAA asserts that this portion of the injunction still presents a live controversy because the MHSAA may retroactively sanction the school for allowing an ineligible player to compete.

In support, the MHSAA cites *Sandison v. Michigan High School Athletic Ass'n, Inc.,* 64 F.3d 1026 (6th Cir.1995). *Sandison* involved a challenge to the MHSAA's non-waivable age eligibility requirement. In holding that the MHSAA's age eligibility requirement as applied to the student there did not violate the ADA or the Rehabilitation Act, the court found that the student's graduation did not render the case moot. The court stated, "[w]hen an age-ineligible player competes on a high school team, MHSAA Regulation 5 § 4(B),(D) provide for penalties such as forfeiture of team victories and erasure of individual performances.... Accordingly, this controversy remains live." *Sandison,* 64 F.3d at 1030. *See also Wiley v. National Collegiate Athletic Ass'n,* 612 F.2d 473, 476 (10th Cir.1979) (finding, in an Equal Protection Clause and Supremacy Clause challenge to a N.C.A.A. regulation regarding the amount of financial assistance allowed to a student athlete, that "[a]s long as [the plaintiff]'s records and awards are at stake, this court can render a decision that will affect the rights of the litigants"), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980).

Contrary to the MHSAA's contention, however, *Sandison* does not control our decision regarding mootness in this case. In *Sandison,* we chose not to examine the propriety of enforcing the retroactive provisions of the MHSAA regulations. Today, however, faced with yet another dispute in what could be a long line of challenges to high school athletic eligibility provisions, we deem it ap-

propriate to address that issue directly. Regulation V, Section 4(C) of the MHSAA Senior High School Rules states:

> If a student is ineligible according to MHSAA rules but is permitted to participate in interscholastic competition contrary to such MHSAA rules but in accordance with the terms of a court restraining order or injunction against his/her school and/or the MHSAA, and that injunction is subsequently voluntarily vacated, stayed, reversed or finally determined by the courts that injunctive relief is not or was not justified or expires without further judicial determination, those actions stipulated in SECTION 4(B) shall be taken.

In turn, Regulation V, Section 4(B) provides:

> Accidental, intentional or other use of ineligible players by a junior high/middle school or senior high school shall require that team victories are forfeited to opponents; and any one or more of these additional actions may be taken: (1) that individual or team records and performances achieved during participation by such ineligibles be vacated or stricken; and (2) that team or individual awards earned by such ineligibles be returned to the MHSAA.

■ We hold that the MHSAA may not sanction the school district in this case for obeying a valid court order. The preliminary injunction restrained the school district from taking any action to prevent McPherson from competing. Had the school district failed to follow the preliminary injunction and attempted to prevent McPherson from competing, it would have been subject to contempt proceedings. *See Glover v. Johnson,* 934 F.2d 703, 707 (6th Cir.1991); *United States v. Bayshore Assocs., Inc.,* 934 F.2d 1391, 1400 (6th Cir.1991).

The MHSAA provisions, by sanctioning parties that follow valid court orders, run counter to the judiciary's authority to enforce its contempt orders. As Justice Stewart reminded us in *Walker v. City of Birmingham,* 388 U.S. 307, 321, 87 S.Ct. 1824, 1832, 18 L.Ed.2d 1210 (1967), "respect for judicial process is a small price to pay for the civilizing hand of law...." The MHSAA, citing state court cases upholding the enforceability of such provisions, claims that its penalty provisions are restitutive, not punitive, in nature and do not subvert judicial authority. *See Cardinal Mooney High School,* 467 N.W.2d at 23–25; *Indiana High School Athletic Ass'n, Inc. v. Reyes,* 659 N.E.2d 158 (Ind.App.1995). Other state courts, however, have held that these provisions are against public policy. *Indiana High School Athletic Ass'n, Inc. v. Avant,* 650 N.E.2d 1164, 1171 (Ind.App. 3 Dist.1995); *Crandall v. North Dakota High School Activities Ass'n,* 261 N.W.2d 921, 927 (N.D.1978). Whatever the validity of such provisions in other cases, we find that the MHSAA cannot sanction the school district—a co-party defendant, no less—for fulfilling its legal duty in the absence of any finding by this court that the preliminary injunction was not at least arguably supported by relevant law.

## CONCLUSION

For the foregoing reasons, we find that this case is moot and order the preliminary injunction vacated.