**ROADWAY EXPRESS, INC., Petitioner,**

v.

**ADMINISTRATIVE REVIEW BOARD, U.S. DEPARTMENT OF LABOR, Clarence Scott, Respondents.**

**No. 99–4156.**

United States Court of Appeals, Sixth Circuit.

March 7, 2001.

Before MERRITT and GILMAN, Circuit Judges; and BELL, District Judge.*

MERRITT, Circuit Judge.

Roadway Express, Inc., appeals the U.S. Department of Labor Administrative Review Board's decision that it violated the Surface Transportation Assistance Act of 1982, 49 U.S.C. § 31105. Roadway Express also appeals the Board's order that it pay costs and attorney's fees incurred by respondent Clarence Scott. We dismiss Scott's claim under the Surface Transportation Assistance Act as moot. We find, however, that Scott is entitled to costs and attorney's fees and that the Board's calculation of attorney's fees is supported by substantial evidence in the record.

I.

Roadway Express, an over-the-road motor carrier firm, employed Clarence Scott as a driver at its facility in Akron, Ohio, from October 1992 until January 1998. During the course of his employment with Roadway Express, Scott was discharged and suspended numerous times and re-

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

ceived approximately 50 disciplinary letters of warnings. Scott received at least three of these letters for violating an attendance policy at the Akron facility. According to that policy, drivers are allowed five sick days per year. If a driver becomes too ill to drive after using these five days, he or she must use vacation days, personal days, or, in appropriate cases, family medical leave days. If a driver with no sick days, no vacation days, and no personal days misses work due to illness, the absence is deemed un-excused and Roadway Express issues the driver a letter of warning. The company does not issue such a letter to a driver who returns to work within 24 hours and who submits a doctor's excuse. Scott received three letters of warnings in 1997 for placing himself on sick call on three separate occasions when he did not have any sick days, personal days, or vacation days remaining. On two of these occasions, March 28–31 and October 5–9, Scott visited a doctor and was instructed not to operate a motor vehicle; on both occasions, he submitted a doctor's confirmation of his condition to Roadway Express when he reported back to work.

On September 29, 1997, Scott filed a complaint with the Occupational Safety and Health Administration, Department of Labor, claiming that Roadway Express had violated the Surface Transportation Assistance Act, 49 U.S.C. § 31105, by disciplining him for refusing to work due to illness. On October 27, 1997, while Scott's complaint was pending, Roadway Express terminated Scott's employment. The termination became effective January 14, 1998. Scott brought additional claims against Roadway Express, alleging that the company discharged him in retaliation for his allegations of safety violations and for refusing to drive while ill, either of which constitutes a violation of the Surface Transportation Assistance Act.

Scott's claims were heard by Department of Labor Administrative Law Judge Richard A. Morgan, who found that Roadway Express had not disciplined Scott for making safety complaints and that Scott's discharge was not based on his refusals to drive while ill. Judge Morgan did find, however, that the letters of warning to Scott based on his illness-related absences from work violated federal law because they disciplined Scott for abiding by a motor vehicle safety regulation. Accordingly, Judge Morgan ordered Roadway Express to remove the letters from Scott's employment file and to post a notice at the Akron facility indicating that the company's application of its sick-leave policy violated federal law. Judge Morgan also ordered Scott's counsel to submit a petition for Scott's costs and attorney's fees. He subsequently awarded Scott $13,689.54 in costs and fees. Upon review, the Department's Administrative Review Board upheld Judge Morgan's findings. The Board reduced Scott's attorney's fees award by one-third, to $9,334.04, to account for time his attorney spent representing Scott on his losing claims. On September 24, 1999, Roadway Express petitioned this court to review the Board's decision.

## II.

### A. Subject matter jurisdiction

◼ As an initial matter, this court has the power to consider *sua sponte* whether or not it has subject matter jurisdiction over a case. The jurisdiction of federal courts is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999); U.S. Const. art. III, § 2. An actual controversy must exist at all stages of review. *Id.; Thomas Sysco Food Servs. v.*

*Martin,* 983 F.2d 60, 62 (6th Cir.1993). In *Thomas Sysco Food Services,* this court dismissed as moot an appeal very similar to the case at hand. There, the defendant employer issued a verbal warning to the complainant for missing a day of work due to illness; the warning was issued pursuant to an attendance policy similar to Roadway Express's policy. The complainant sued his employer under the Surface Transportation Assistance Act. This court found that the matter had become moot by the time it was heard by the administrative law judge because the documentation of the warning had been removed from the complainant's employment file at that time, and because the warning could not be used as the basis for other disciplinary action. *See Thomas Sysco Food Services,* 983 F.2d at 62.

■ Roadway Express's letters of warning expire after nine months, after which they are purportedly not used as the basis of further disciplinary action. Despite the formal expiration of Scott's letters of warning for his illness-related absences, this case was not moot when it was before Judge Morgan, nor was it moot during the Board's review. At both times, Scott was challenging his discharge from Roadway Express, which he claimed was based in part on the company's consideration of these letters. Scott's claim for improper discharge, however, was dismissed by this court as untimely on November 8, 1999, and is not part of this appeal. The record reflects that Scott is no longer an employee at Roadway Express; it does not reflect that the expired letters of warning at issue could have any effect on Scott's current or future employment at other firms. Scott's claim that the letters themselves represent a violation of federal law is now essentially in the same posture as the claims dismissed in *Thomas Sysco Food Services;*

no live controversy remains between Scott and Roadway Express.

■ In exceptional circumstances, a case that is otherwise moot will escape dismissal if the plaintiff can show that he or she will be subjected to the same harm in the future, and that the harm is so brief in duration that, by its nature, it will cease before it can be fully litigated. *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *McPherson v. Michigan High School Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir. 1997) (en banc); *Thomas Sysco Food Servs.,* 983 F.2d at 62. In *Thomas Sysco Food Services,* this court refused to apply this exception, finding that relatively few employees at Thomas Sysco were subject to the Surface Transportation Assistance Act and that, generally, the likelihood of recurrence of this issue was not great. Roadway Express is a major transportation firm with many thousands of drivers, greatly increasing the chances that the harm alleged in this case could be repeated. Scott has not shown, however, that this alleged harm, by its nature, tends to evade review. While Roadway Express's letters of warning may expire after nine months, they can form the basis of various claims pursuant to 49 U.S.C. § 31105 that will survive throughout the full course of litigation. Furthermore, evidence in the record suggests that officials at Roadway Express considered long-expired letters of warning when deciding to discharge Scott. If a Roadway Express employee continues to be affected *de facto* by expired letters of warning throughout the course of his or her employment, such a letter could provide the basis for an actual controversy after the formal expiration period and during the employee's term of employment. Finally, given the fact that Scott is no longer employed at Roadway Express, it is not reasonably

likely that he will be subjected to the same harm again.

### B. Attorney's fees

■ Mootness of his claim on the merits does not preclude Scott's award of attorney's fees. *See LaRouche v. Kezer*, 20 F.3d 68, 75 (2d Cir.1994); *Dahlem v. Board of Education of Denver Public Schools*, 901 F.2d 1508, 1512–13 (10th Cir. 1990); *Nash v. Chandler*, 859 F.2d 1210, 1211 (5th Cir.1988); *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir.1980); *Grano v. Barry*, 783 F.2d 1104, 1109 (D.C.Cir.1986); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir.1974); *Jaguar Cars v. Cottrell*, No. Civ. A. 94–78, 1999 WL 1711082, at *3 (E.D.Ky. July 8, 1999). Thus, although we find that Scott's complaint against Roadway is moot, we affirm the Board's decision to award him attorney's fees.

Upon finding that an employer has violated 49 U.S.C. § 31105(a), the Secretary of Labor is instructed by the statute to order the employer to "take affirmative action to abate the violation." 49 U.S.C. § 31105(a)(3)(A)(i). Furthermore:

> If the Secretary issues an order under subparagraph (A) of this paragraph and the complainant requests, the Secretary may assess against the person against whom the order is issued the costs (including attorney's fees) reasonably incurred by the complainant in bringing the complaint. The Secretary shall determine the costs that reasonably were incurred.

49 U.S.C. § 31105(a)(3)(B).

Here, the Department's Administrative Review Board found that Roadway Express had violated the Surface Transportation Assistance Act by issuing letters of warning to Scott for refusing to drive when he was ill. Pursuant to section 31105(a)(3)(A), the Board issued an order to Roadway Express instructing the company to remove the letters from Scott's file and to post a sign at its Akron facility noting the violation. We find there is substantial evidence in the record to support the Board's decision, under 49 U.S.C. § 31105(a)(3)(B), to assess Scott's costs and attorney's fees against Roadway Express. We also find that the Secretary's determination of the amount of the award, $9,334.04, is supported by substantial evidence.

■ Roadway Express argues that Scott should not be awarded costs or attorney's fees because he did not secure relief that would qualify him as a "prevailing party" under such cases as *Farrar v. Hobby*, 506 U.S. 103, 109–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988); and *Cramblit v. Fikse*, 33 F.3d 633, 635–36 (6th Cir.1994). Under *Farrar*, a plaintiff who secures injunctive relief but no damages award can recover attorney's fees. *See Farrar*, 506 U.S. at 111–12. The question of whether a claimant can recover costs and attorney's fees under 49 U.S.C. § 31105(a)(3)(B) is, however, not governed by the prevailing-party doctrine articulated in the cases cited by Roadway Express. That doctrine is derived from a different statutory provision, 42 U.S.C. § 1988. The Surface Transportation Assistance Act, in contrast, permits the assessment of fees and costs "against the person against whom the order [of violation] is issued." 49 U.S.C. § 31105(a)(3)(B). Therefore, we need not decide whether or not Scott would qualify as a prevailing party.

### III.

For the foregoing reasons, we dismiss Scott's remaining claim pursuant to 49 U.S.C. § 31105(a), and we affirm the

Board's order assessing Roadway Express with Scott's costs and attorney's fees in the amount of $9,334.04.

RONALD LEE GILMAN, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's judgment with respect to the award of attorney fees to Scott. Because I do not believe that the effect of the disciplinary letters is a moot issue, however, I respectfully dissent from the majority's decision to dismiss the remaining claims against Roadway Express.

The Supreme Court has succinctly stated the mootness rule as follows: "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). This rule was correctly applied in *Thomas Sysco Food Servs. v. Martin*, 983 F.2d 60 (6th Cir.1993), where a plaintiff challenged the legality under the Surface Transportation Assistance Act of a verbal warning that was issued by his employer and memorialized in his employment file. Because the warning had been removed from the file prior to the plaintiff's administrative hearing, however, any record of the employer's allegedly illegal conduct had ceased to exist. This eliminated any possibility that the warnings could be used against the employee in the future. *Id.* at 62. The claim in *Thomas Sysco* was therefore moot because the legality of the warnings was no longer a "live controversy." *Id.* Under these circumstances, the resulting judgment would have been an advisory opinion. *See also State of Ohio ex rel. Celebrezze v. United States Dep't of Transp.*, 766 F.2d 228, 232 (6th Cir.1985) ("The requirements of standing, ripeness, and mootness guard against the issuing of advisory opinions.").

A decision in the instant case would not result in an advisory opinion because, unlike *Thomas Sysco*, there is no evidence that the offending letters have been stricken from Scott's employment file. Although removal of the letters was ordered by the ALJ, this is the very order that Roadway Express has appealed. We thus have to assume, for the purpose of this appeal, that Roadway Express still retains the offending letters in Scott's employment file.

I acknowledge the majority's point that because Scott is no longer employed by Roadway Express, the warning letters will not likely be used by Roadway Express in any way that would adversely affect Scott. The majority speculates, however, that because there is no proof in the record that the letters will affect Scott's employment opportunities elsewhere, his claim is moot. This is the conclusion with which I disagree.

The Supreme Court and this circuit have been careful not to dismiss appeals as moot when there are "collateral consequences" flowing from the issues on appeal. This collateral-consequences doctrine is most commonly applied in the criminal context, when a defendant is released from custody while the appeal is pending. *See, e.g., Sibron v. New York*, 392 U.S. 40, 53–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). In *Sibron*, the Court held that even though the defendant had completed his sentence, various aspects of citizenship in the state of New York would be adversely affected by the existence of his criminal record. *Id.* at 54–56. For example, if Sibron were to testify at a future criminal trial, the challenged conviction could be used to impeach his testimony. *Id.* at 55–56. The Court took notice of this collateral consequence even though there was no proof in the record that Sibron was scheduled to testify at any

future trial. *Id.* at 55 ("The mere possibility that [a criminal conviction will entail adverse legal consequences] is enough to preserve a criminal case from ending ignominiously in the limbo of mootness.") (internal quotations and citations omitted); *see also Pennsylvania v. Mimms,* 434 U.S. 106, 109 n. 3, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) ("In any future state criminal proceedings against respondent, this conviction may be relevant to setting bail and length of sentence, and to the availability of probation.")

The doctrine of collateral consequences has also been applied to civil proceedings. In *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), the Supreme Court held that a suit by two employers against state officials in New Jersey, alleging that the provision of public assistance to workers on strike violated the federal labor laws, was not moot, even though the strike at issue against the two employers had terminated. The Court held that, despite the settlement of the strike, the claim was not moot because "the challenged governmental action [the provision of benefits to all New Jersey citizens on strike] has not ceased." *Id.* at 123. In contrast, the Court distinguished previous cases challenging a state's power to take possession of a utility during a strike because in those cases the challenged conduct was not ongoing. *See id.* at 122–23; *see also In re Federated Dep't Stores. Inc.,* 44 F.3d 1310, 1315–16 (6th Cir.1995) (applying the collateral consequences doctrine in the bankruptcy context).

The majority states that there is no proof in the record that such potential collateral consequences exist. Although it is not apparent how much proof of collateral consequences is required in the civil context, the potential for Scott's future injury is more than "abstract, feigned, or hypothetical." *See Sibron v. State of New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Employers to whom Scott may apply in the future will likely request a reference or a background check, including his work history with Roadway Express. If these warning letters were issued against Scott for engaging in conduct protected by federal law, a future employer could easily be misled into thinking that these letters signify a problem employee when, in fact, they should have never been issued at all.

Furthermore, it is not fair to fault Scott for not including proof in the record of the collateral consequences of the warning letters, because this court's request for additional briefing focused on a different issue. Rather than asking whether these letters might have independent collateral consequences, we asked if Scott's claim regarding Roadway Express's sick-leave policy became moot nine months after the warning letters were issued. The parties thus focused more on this internal Roadway Express policy than the future effects of the letters themselves.

Because the warning letters that presumably remain in Scott's employment records with Roadway Express present a significant threat of collateral consequences, I do not believe that this appeal is moot. I therefore dissent from that portion of the majority's opinion.