**Mohammad Fawaz ENAZEH,**
**Petitioner–Appellant,**

v.

**Christine G. DAVIS, et al.,**
**Respondents–Appellees.**

**No. 03–5711.**

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2004.

Mohammad Fawaz Enazeh, Amman, Hashmaite, Kingdom of Jordan, pro se.

William Siler, Asst. U.S. Attorney, Memphis, TN, for Respondent–Appellee.

Before SUTTON and COOK, Circuit Judges; and ROSEN, District Judge.*

### ORDER

Mohammad Fawaz Enazeh, proceeding pro se, appeals a district court judgment denying his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, the record reflects that Enazeh, a native of Jordan, entered the United States in January 1992, as a non-immigrant business visitor. He was admitted for a period of six months. However, he did not depart from the United States following the six-month period. The Bureau of Immigration and Customs Enforcement (BICE) initially encountered Enazeh in June 1993. On or about January 25, 1996, the BICE issued a show cause order charging Enazeh with deportability because he had remained in the United States longer than he was authorized to stay. However, the BICE was unable to serve the order on him. Thereafter, the BICE encountered Enazeh again in January 2002. BICE officers arrested Enazeh, held him without bond, and issued a second deportation charging document and a notice to appear.

After being found deportable, Enazeh applied for relief from removal, seeking the following types of relief: 1) voluntary departure; 2) asylum; 3) withholding of removal; and 4) relief under the United Nations Convention Against Torture. On April 4, 2002, an immigration judge granted Enazeh's request that he be permitted to voluntarily depart, but denied his remaining claims for relief. The order provided that if Enazeh failed to depart he should be removed to Saudi Arabia or Jordan. Enazeh filed an appeal. He also requested a bond hearing, and the immigration judge ordered that he be released from custody upon posting a $15,000 bond. Both Enazeh and the BICE filed appeals. These appeals were pending when Enazeh filed his current § 2241 habeas petition. However, on November 22, 2002, the Board of Immigration Appeals (BIA) rejected Enazeh's appeal, affirmed the removal order, and granted Enazeh another 30 days to voluntarily depart. This order also provided that if Enazeh failed to depart he should be removed. Nonetheless, Enazeh refused to voluntarily depart.

On August 8, 2002, Enazeh filed his current § 2241 petition for habeas relief, arguing that he was entitled to the following relief: 1) release from detention pending his removal from the United States; 2) an injunction against execution of the removal order; and 3) an adjustment of his immigration status to that of a lawful permanent resident. Alternatively, he requested that the court order the BICE to provide him with a "VISA" so that he could voluntarily depart. The BICE conceded that Enazeh had exhausted his administrative relief. Upon review, the district court denied the petition as without merit.

■ Enazeh has filed a timely appeal, essentially reasserting his same grounds for relief. However, to the extent that his brief can be construed as presenting new issues, we will not consider them for the

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

first time on appeal. *See United States v. Ninety–Three (93) Firearms, and Assorted Firearm Parts and Ammunition,* 330 F.3d 414, 424 (6th Cir.2003). He has also filed a motion to proceed in forma pauperis and a motion for the appointment of counsel. The government has filed a motion to dismiss the appeal as moot because Enazeh was deported to Jordan on August 19, 2003.

Upon review, we conclude that Enazeh's request for relief is moot with respect to his first two claims. The jurisdiction of federal courts is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Grider v. Abramson,* 180 F.3d 739, 746 (6th Cir. 1999). An actual controversy must exist at all stages of review. *Thomas Sysco Food Servs. v. Martin,* 983 F.2d 60, 62 (6th Cir.1993). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986). An exception to the mootness doctrine is found in exceptional circumstances where an appeal presents an issue capable of repetition but evading review. *See, e.g., Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). This exception applies only where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 149.

Enazeh's August 2003 deportation has rendered his first two claims for relief moot. Enazeh sought release from detention pending his removal from the United States and an injunction against execution of the removal order. Because he has already been deported, the court can no longer grant the requested relief. *See Carras,* 807 F.2d at 1289. Enazeh has not shown a reasonable expectation that his rights will be violated in the future or that any future violation could not be fully litigated prior to its cessation or expiration. *See Weinstein,* 423 U.S. at 149. Accordingly, the appeal is dismissed as to these two claims for relief.

Enazeh's third request for relief has not been rendered moot. Enazeh sought an adjustment of his immigration status to that of a lawful permanent resident. This request is not mooted by Enazeh's departure. Moreover, although the government argues that federal courts lack jurisdiction to grant such relief, this court does have jurisdiction to review the appropriateness of the district court's judgment denying the requested relief. *See generally* 28 U.S.C. § 1291.

Upon review, we conclude that the district court properly denied Enazeh's request for an adjustment of his immigration status. Enazeh did not cite any authority for the proposition that the district court was authorized to adjust his immigration status. Furthermore, Enazeh rendered himself statutorily ineligible for permanent resident status because he failed to voluntarily depart from the United States after twice being ordered to do so. The statutory penalty for failing to comply with a grant of voluntary departure includes a ten-year ineligibility for the type of relief Enazeh seeks. *See* 8 U.S.C. § 1229c(d).

Accordingly, we dismiss the appeal in part, grant in forma pauperis status for the limited purpose of this review, deny the appointment of counsel, and affirm the district court's judgment denying adjustment of immigration status. Rule 34(i)(2)(C), Rules of the Sixth Circuit.